UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **ANN UNGER, on behalf of herself and others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC., a California Corporation d/b/a FANNIE MAE,**<br><br>**Defendant.** | Case No.: SACV 15-00951-CJC(JCx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE** |

## I. INTRODUCTION & BACKGROUND

Plaintiff Ann Unger ("Plaintiff") brought this employment class action against Defendant Federal National Mortgage Association d/b/a Fannie Mae ("Defendant") in Orange County Superior Court on April 17, 2015. (Dkt. No. 1-1 ["Compl."].) In her Complaint, Plaintiff alleges Defendant violated California wage and hour laws by

misclassifying its "asset managers" and "sales representatives" as salaried exempt from California's overtime laws. (Compl. ¶ 4.) Plaintiff alleges violations of (1) California Labor Code section 510 for failure to pay wages and overtime; (2) California Labor Code section 226 for failure to provide accurate wage statements; (3) California Labor Code section 204 for failure to timely pay wages for hours worked; and (4) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.* (Compl.) Plaintiff seeks to represent a class consisting of: "All current and former asset managers and sales representatives who, at any time within four (4) years of the filing of this lawsuit, have been employed by Defendants within the State of California." (Compl. ¶ 14.) On June 16, 2015, Defendant removed the action to this Court. (Dkt. No. 1.) Subsequently, Defendant brought the present motion to dismiss Plaintiff's request for statutory penalties under section 226 and Plaintiff's third cause of action under section 204, in addition to a motion to strike portions of the proposed class definition. (Dkt. No. 9 ["Def.'s Mot."].) For the following reasons, Defendant's motion to dismiss is GRANTED IN PART and motion to strike is DENIED.[1]

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a claim, the issue before the court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 27, 2015 at 1:30 p.m. is hereby vacated and off calendar.

evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the district court should grant the plaintiff leave to amend if the claim can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

### a. California Labor Code Section 226

Defendant argues that Plaintiff's second cause of action under section 226 of the Labor Code should be dismissed to the extent Plaintiff is seeking statutory penalties. (Def.'s Mot. at 10–11.) Citing to 12 U.S.C. § 4617(j)(4), Defendant argues that since Defendant is under the conservatorship with the Federal Housing Finance Agency ("FHFA"), it is statutorily exempt from taxes, penalties, and fines. *See Nevada ex rel. Hager v. Countrywide Home Loans Servicing, LP*, 812 F. Supp. 2d 1211, 1217 (D. Nev. 2011) ("[W]hile under conservatorship with the FHFA, Fannie Mae is statutorily exempt from taxes, penalties, and fines to the same extent that the FHFA is."). While Plaintiff does not contest that Defendant is exempt, Plaintiff argues that the Complaint only seeks actual, not statutory, damages. (Dkt. No. 15, Pl.'s Opp'n.) The Court agrees. Section 226 allows for the recovery of the greater of all actual damages or statutory damages,

Cal. Lab. Code § 226(e), and the Complaint clearly seeks actual damages, (Compl. ¶¶ 33, 36). Therefore, Defendant's motion to dismiss Plaintiff's claim under section 226 is DENIED.

### b. California Labor Code Section 204

Next, Defendant seeks to dismiss Plaintiff's third cause of action under section 204 of the Labor Code, arguing that no private right of action exists under section 204. (Def.'s Mot. at 8.) Under California law, "[a]doption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999). The assumption is that if the Legislature intends to create a private right of action, it will do so "directly," and "in clear, understandable, unmistakable terms." *Id.* at 62–63 (citing *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 294–95 (1988)). "If [the court] determine[s] the Legislature expressed no intent on the matter either way, directly or impliedly, there is no private right of action . . . ." *Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 172 (2008) (citing *Moradi-Shalal*, 46 Cal. 3d at 305).

Courts have previously held that nothing in section 204 clearly indicates that a private right of action exists. *See, e.g.*, *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011) ("There is nothing in section 204 . . . that indicates, in 'clear understandable, unmistakable terms' that a private right of action exists for violations of section 204."); *see also Villalpando v. Exel Direct Inc.*, No. 12-cv-04137 JCS, 2014 WL 1338297, at *18 (N.D. Cal. Mar. 28, 2014) (finding that no private right of action exists under section 204); *Jeske v. Maxim Healthcare Servs., Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012) (same). Nevertheless, Plaintiff argues that a

private right of action does exist under section 204 by pointing to section 218, which states that "[n]othing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article." Cal. Lab. Code § 218. Courts have found that section 218 creates a private right of action to recover certain types of wages or penalties provided for under the Labor Code. *Johnson*, 809 F. Supp. 2d at 1136. However, contrary to Plaintiff's contention, courts have found that section 204, which addresses "the *timing* of wage payment does not appear to give rise to a claim for unpaid wages such that § 218 would indicate a clear legislative intent to create a private right of action under § 204." *Villalpando*, 2014 WL 1338297, at *18 (emphasis in original) (citing *Johnson*, 809 F. Supp.2d at 1136).[2] Therefore, the Court cannot conclude that section 218 provides a private right of action under section 204, especially given that the clear language of section 204 does not provide that one exists. Accordingly, Defendant's motion to dismiss the third cause of action under section 204 is GRANTED.

### B. Motion to Strike

Defendant also moves to strike certain portions of the Complaint. (Def.'s Mot. at 11–15.) Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to " 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.' " *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 903 (1994) (quoting *Sidney-Vinstein v. A.H. Robins CO.*, 697 F.2d 880, 885 (9th Cir. 1983)). However, motions to strike are typically viewed with disfavor

---

[2] Section 204 provides that "[a]ll wages ... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 204.

because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits. *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). In reviewing a motion to strike, the court must view the pleadings under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

First, Defendant argues that "asset managers" and "sales representatives" should been struck from Plaintiff's proposed class definition because Defendant stopped using such job titles for its employees in 2009. (Def.'s Mot. at 12–13.) In support of its argument, Defendant submits a declaration by its Director of Compensation. (*See* Dkt. No. 10, Decl. of Nicole Harris Westbrook ISO Def.'s Mot.) While it is true that a court is not precluded from striking class allegations if "the issues are plain enough from the pleadings," *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 888 (N.D. Cal. 2012) (quoting *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160, (1982)), Defendant here raises a factual issue and Plaintiff should be permitted to conduct some discovery before the Court rules on the propriety of the class allegations, *see Hibbs-Rines v. Seagate Techs.*, No C 08-05430 SI, 2009 WL 513496, at *3 (N.D. Cal. Mar. 2, 2009) ("The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." (internal citation and quotation marks omitted)). Therefore, factual questions are more properly resolved on a motion for class certification pursuant to Federal Rule of Civil Procedure 23, rather than on a motion to strike. *See In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Products Liab. Litig.*, 890 F. Supp. 2d 1210, 1224 (C.D. Cal. 2011). Second, Defendant requests to strike Plaintiff's reference to Labor Code section 558 because a claim for violating section 558 can only be brought pursuant to the Private Attorneys General Act, which is not alleged here. (Def.'s Mot. at 11.) However, such arguments are generally not permitted on a motion to strike because "courts are reluctant to determine disputed or substantial questions of law on a motion to strike." *S.E.C. v.*

*Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).  Therefore, Defendant's motion to strike is DENIED.

## III.  CONCLUSION

Accordingly, Defendant's motion to dismiss is GRANTED IN PART.  Plaintiff's third cause of action under section 204 is DISMISSED WITH PREJUDICE.  Additionally, Defendant's motion to strike is DENIED.

DATED:     July 16, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE